

| | THE CITY OF NEW YORK | |
|---|---|---|
| **MICHAEL A. CARDOZO**<br>*Corporation Counsel* | **LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | **HILLARY A. FROMMER**<br>*Assistant Corporation Counsel*<br>Phone: (212) 788-0823<br>Fax: (212) 788-9776<br>hfrommer@law.nyc.gov |

July 21, 2006

**VIA ECF**
The Honorable Robert M. Levy
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        Re:    Butts v. City of New York et al.
                  01 CV 2945 (NG)(RML)

Dear Magistrate Judge Levy:

        I am the Assistant Corporation Counsel assigned to the defense in the above-referenced matter and I write in response to plaintiff's July 12, 2006 letter to the Court seeking an order compelling defendants to re-produce Officer Theresa Wissert for deposition and to produce photographs that, contrary to plaintiff's counsel's understanding, have already been produced in this action.

        A.    **Background**

        On May 6, 2005 plaintiff noticed the depositions for the individual defendants and two non-party New York City Police Officers, Police Officer Theresa Wissert and Police Officer Michael Colucciello. Plaintiff requested the depositions of the non-party New York City police personnel because they were the first police officers to arrive at the scene of the homicide and, therefore, according to plaintiff, had information relevant to this action. Defendants did not object to the depositions of Officer Wissert and Officer Colucciello, who were called to give testimony specifically related to their duties as police officers with the New York City Police Department on December 30, 1997.

        It was subsequently determined by this Office that Officer Wissert is no longer a member of the New York City Police Department because she resigned to pursue a career as a police officer in Suffolk County, New York. The parties agreed, however, that defendants would produce Officer Wissert for her deposition as they would equally produce Officer Colucciello for deposition, which was scheduled and ordered by the Court to proceed on September 28, 2005.

Plaintiff's counsel proceeded with the deposition of Officer Wissert on September 28, 2005, as scheduled. As Mr. Barket is fully aware, at Officer Wissert's deposition, the witness testified that she was represented by an attorney, Assistant Corporation Counsel Hillary Frommer. Notwithstanding that clear understanding that Officer Wissert was represented by this office, plaintiff's counsel questioned Officer Wissert about communications she had with this office in preparation for her deposition. He questioned Officer Wissert about whether she reviewed documents or photographs while at the Corporation Counsel's office in preparation for her deposition. I, as attorney for defendant City of New York, objected to such questions which clearly infringed on the attorney-client privilege and instructed Officer Wissert not to answer.

Plaintiff now moves to compel the following: (1) re-open the deposition of Officer Wissert to question her about her communications with the Assistant Corporation Counsel; (2) production of written communications between this office and Officer Wissert regarding legal representation; (3) documents used during meetings between this office and Officer Wissert in preparation for Officer Wissert's deposition; and (4) production of photographs used during plaintiff's criminal trial. For the reasons set forth below, defendants object to plaintiff's motion and respectfully request that it be denied in its entirety.

**B. Plaintiff's requests for communications protected by the attorney-client and work product privileges should be denied**

Plaintiff requests that Officer Wissert be re-deposed so that she can answer questions specifically regarding written and oral communications she had with the Office of the Corporation Counsel concerning preparation for her deposition. Each of those communications is protected by the attorney-client and work product privileges and should not be disclosed.

It is well settled that communications between a corporate attorney and a corporation's employees are protected by the attorney-client privilege and/or the work product privilege. These privileges extend to communications between employees of the City of New York and the City's attorney. In <u>Coleman v. City of New York</u>, 98 Civ. 8761 (LMM)(AJP), 1999 U.S. Dist. LEXIS 10405 (S.D.N.Y. July 8, 1999), the Court denied the plaintiff's request to question a non-party employee of the City of New York about communications that witness had with the Assistant Corporation Counsel handling the defense for the City of New York in preparation for the witness's deposition. The Court found that while the plaintiff was entitled to question the witness as to whether or not he communicated with the City's attorney prior to the deposition, he could not question the substance of those communications, as they were protected by the attorney-client privilege. The Court stated,

> The attorney-client privilege applies to confidential communications between a corporation and its attorneys. The attorney-client privilege even attaches for a corporation to communications between the corporation's attorney and low-level corporate employees. Just like a corporation, Defendant City is a legal creation which acts through its employees, at all levels. Just as do counsels for corporations and for individual clients,

2

> attorneys for Defendant City must have the same opportunity for a privileged "open dialogue" in preparing their City employee witnesses for trial. Otherwise, Defendant City would be at a disadvantage in preparing for trial as compared to other types of parties.

1999 U.S. Dist. LEXIS 10405, at *6. The Court reasoned that even if the Corporation Counsel does not have an attorney-client relationship with the particular employee in question, the attorney-client privilege still applies to communications between attorney and employee because of the existence of the attorney-client relationship between the City lawyer and the City (and its agencies) itself. It stated, "the relationship between the Corporation Counsel and the city agencies is that of attorney-client. While there might not be an attorney-client privilege between the Corporation Counsel and a particular City agency employee, Corporation Counsel's directions to the employee not to answer questions at deposition on privilege grounds are upheld because of the Corporation Counsel's role as attorney for City agencies." Id. This privilege exists regardless of whether the deposition witness asked the Corporation Counsel witness to represent him in the deposition. Id. at *5.

      Moreover, and more importantly, the privileges still exists even if the witness being deposed is a former employee. The attorney client and work product privileges apply "to communications between counsel and former employees of a corporate client." The Bank of New York v. Meridian Biao Bank Tanzania Ltd., 95 Civ. 4856 (SS) (JCF), 1996 U.S. Dist. LEXIS 12377, at *9 (S.D.N.Y. Aug. 27, 1996). Courts have reasoned that the privileges extend to former employees because "if an employee has information obtained while acting as representative of the corporate entity, it would frustrate the purposes of the attorney-client privilege if counsel for the corporation were foreclosed from having confidential communications with that individual at the instant the employment relationship terminated. Id. at *9-10.

      In the matter at bar, it is clear that communications between this office and Officer Wissert in preparation for her deposition are protected by the attorney-client privilege and work product privileges. Not only is this evident by Officer Wissert's own deposition testimony that she was indeed represented by an attorney, but also Officer Wissert was deposed specifically because of actions she took while she was an employee of the City of New York. As the City is a defendant in this action, and the City can only act through its agents, communications between the Assistant Corporation Counsel and Officer Wissert, a former City employee giving testimony about conduct taken as an agent for the City of New York and specifically in preparation for a deposition to address that very conduct, are privileged.

      For these reasons, plaintiff's counsel should be precluded from questioning Officer Wissert about communications, either oral or written, that she had from this office regarding preparation for her deposition.

3

### C. The photographs plaintiff requests have already been produced

Contrary to Mr. Barket's belief or understanding, copies of the photographs that were used during the criminal trial, which were photographs of the homicide crime scene, have already been produced. They were produced to plaintiff on September 30, 2005 and Bates-stamped 000214-000241. As Mr. Barket refuses to acknowledge that production and continues to demand production of "photographs taken by law enforcement personal [sic] and introduced in the criminal trial," if Mr. Barket is referring to photographs other than those produced ten months ago, he should so specify and describe for defendants. However, as no objection was made to the production in September 2005 and plaintiff did not serve any supplemental request for production of photographs, defendants can only assume that their September 30, 2005 production was accurate and complete. Therefore, as defendants have already complied with plaintiff's demand for production of photographs, defendants respectfully request that the Court deny plaintiff's instant motion to compel such production.

### D. Plaintiff should be precluded from re-opening the deposition of Officer Wissert to question her about the photographs

Plaintiff's July 12, 2006 letter also seeks to compel defendants to re-open the deposition of Officer Wissert so that plaintiff's counsel can question her about the photographs that were produced on September 30, 2005. Defendants object to this request on the grounds that plaintiff's counsel had an opportunity to request and obtain the photographs prior to Officer Wissert's deposition, yet did not. Mr. Barket was plaintiff's counsel during the criminal trial and has represented to this Court that during that trial, he observed and reviewed photographs. Mr. Barket, by his own admission, questioned Officer Wissert about those photographs during the plaintiff's criminal trial. As Mr. Barket was plaintiff's criminal defense attorney and presumably knew of the existence of any photographs used during the criminal trial, the duty fell on Mr. Barket to seek and obtain those photographs, as well as any other documents he knew existed and claims to have needed, before proceeding with a deposition.

Additionally, at no time prior to Officer Wissert's deposition did plaintiff's counsel ever inform defendants that photographs existed that had not been produced. Similarly, plaintiff's counsel never requested to adjourn the deposition until photographs were produced. That was certainly an option open to Mr. Barket. As this Court is aware, the parties agreed to postpone the deposition of defendant Kathleen Rice so that the parties could obtain the complete District Attorney's File, which plaintiff believed was essential for conducting Ms. Rice's deposition. (See November 8, 2005 Order granting parties' request to adjourn deposition of Kathleen Rice in order to resolve issue of production of the District Attorney's file). Only after it became apparent that the District Attorneys' File would not be produced quickly did the parties proceed with Ms. Rice's deposition with the understanding that it could be re-opened once the District Attorney's File was obtained. (See November 17, 2005 docket sheet Minute Entry regarding rescheduling of Rice deposition). Notably, plaintiff's counsel requested and was permitted by this Court to continue the deposition in the event the District Attorney's File was obtained <u>before</u> Ms. Rice was ever deposed. No such request was made by plaintiff's counsel regarding Officer Wissert. In fact, it was at the deposition of Officer Wissert that Mr. Barket for the very first time ever requested photographs "marked throughout the course of criminal trial."

4

Therefore, plaintiff should not be permitted to re-depose Officer Wissert simply because counsel took no steps beforehand to secure documents he believed relevant to a deposition.

Additionally, it is apparent from plaintiff's July 12, 2006 submission that Mr. Barket seeks to ask Officer Wissert the very same questions he posed during the criminal trial. Mr. Barket has already had an opportunity to question Officer Wissert under oath about the photographs. Thus, Mr. Barket is certainly aware of what Officer Wissert's testimony will be. He has failed to put forth any good faith basis for questioning this very same witness a second time. Defendants can only presume that he seeks to pose the same questions in hope of impeaching her or obtaining different testimony than that given over six years ago. In fact, it appears that plaintiff is attempting to prejudice the defendants in hopes of obtaining contradictory testimony by seeking a second "bite at the apple."[1] Because Mr. Barket has already obtained the testimony he now seeks in an untimely fashion, he is free to use such testimony in the trial of this matter. Plaintiff should not be permitted to conduct a second deposition of a witness simply because evidence was supplemented in good faith during discovery.

For these reasons, defendants respectfully request that the Court deny plaintiff's July 12, 2006 application in its entirety.

Thank you for your consideration in this matter.

Very truly yours,

Hillary A. Frommer
Assistant Corporation Counsel

---

[1] Defendants note that Mr. Barket's July 12, 2006 letter refers to non-party witness Janie DeBerry in his explanation for seeking to ask repetitive questions to Officer Wissert. However, without any evidence or good faith basis, Mr. Barket states in a footnote that "Janie DeBerry was and probably still is a person addicted to crack cocaine." This slander of Ms. DeBerry, a non-party witness whom plaintiff himself cannot locate to depose, is inexcusable, unsupported by any evidence whatsoever, and has no business before the Court. Defendants can only assume that plaintiff's counsel, by making such public statements is attempting to taint the identity and credibility of Ms. DeBerry who has not provided plaintiff with any sworn statement supporting his case.

5